UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.

CHRISTOPHER VILLAR,

     Plaintiff,

vs.

CAMMARATA MANAGEMENT, INC.,
a Delaware Corporation, KM ORGANIC
FUND INC., a Florida Profit Corporation,
and MICHAEL CAMMARATA, Individually,

     Defendants.

                                                   /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER VILLAR ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, CAMMARATA MANAGEMENT, INC. ("CMI"), KM ORGANIC FUND INC. ("KM"), and MICHAEL CAMMARATA ("CAMMARATA") (collectively, "Defendants") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.     This case and the facts given rise to Plaintiff's claim occurred in the District. Thus, venue is proper in this Court.

**PARTIES**

6.      At all times material hereto, Plaintiff was a resident of Rutherford County, Tennessee.

7.      At all times material hereto, CMI is a Delaware Corporation.

8.      At all times material hereto, CAMMARATA owned and operated CMI.

9.      At all times material hereto, KM was a Florida Profit Corporation.

10.     At all times material hereto, CAMMARATA was the owner, President, Treasurer and Director of KM.

**FLSA COVERAGE**

11.     At all times material hereto, Plaintiff regularly performed duties for Defendants within the states of California, Arizona, Tennessee, and Colorado.

12.     At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

13.     Defendants were, and continue to be, "employers" within the meaning of FLSA.

14.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.  Specifically, Defendant CMI is a management company that engaged in business interests including the representation of musicians, actors and businesses in interstate commerce in the United States.  And Defendant KM is a holding company for investments in companies that manufacture and/or sell organic and natural products in interstate commerce in the United States.

15.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17.     At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including materials necessary and integral to Defendants' business operations.

**A. CMI**

18.     At all times material hereto, CMI was the "employer" within the meaning of FLSA.

19.     CMI was, and continues to be, an "employer" within the meaning of FLSA.

20.     At all times material hereto, CMI was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21.     At all times material hereto, CMI was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22.     Based upon information and belief, the annual gross revenue of CMI was in excess of $500,000.00 per annum during the relevant time periods.

23.     At all times material hereto, CMI had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce.

**B. KM**

24.     At all times material hereto, KM was an "employer" within the meaning of FLSA.

25.     KM was, and continues to be, an "employer" within the meaning of FLSA.

26.     At all times material hereto, KM was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.  Specifically, KM regularly purchased and received a variety of items from out of state.

3

27.     At all times material hereto, KM was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

28.     Based upon information and belief, the annual gross revenue of KM was in excess of $500,000.00 per annum during the relevant time periods.

29.     At all times material hereto, KM had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce.

### C.  Cammarata

30.     At all times material hereto, CAMMARATA owned and operated KM and CMI.

31.     At all times relevant to this action, CAMMARATA managed and operated KM and CMI on a day to day basis.

32.     At all times material hereto, CAMMARATA regularly exercised the authority to hire and fire employees of KM and CMI.

33.     At all times material hereto, CAMMARATA determined the work schedules for the employees of KM and CMI.

34.     At all times material hereto, CAMMARATA controlled the finances and operations of KM and CMI.

35.     At all times material hereto, CAMMARATA was an "employer" within the meaning of FLSA.

### D.  Plaintiff

36.     At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

37.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

38.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

39.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

40.     At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed.  To that end, Defendants assigned Plaintiff his specific work hours and assignments, and dictated the specific manner in which he was required to do his work.

41.     Plaintiff had no opportunity for profit or loss.  Instead, he was paid an amount set by Defendants.

42.     Plaintiff had little or no investment in the materials required to complete his work for Defendants.

43.     Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that he was hired to do.

44.     Plaintiff's working relationship with Defendants had the indicia of permanence.

## STATEMENT OF FACTS

45.     On or about November 1, 2011, Defendants hired Plaintiff to work as a non-exempt Executive Assistant.

46.     At all times material hereto, Plaintiff worked for Defendants in California, Arizona, Tennessee, and Colorado.

47.     From at least November 1, 2011 and continuing through October 1, 2017, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week.

48.     Plaintiff should be compensated at the rate of one and one-half times his regular

rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

49.     From at least November 1, 2011, and continuing through October 1, 2017, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

50.     Defendants have violated Title 29 U.S.C. §206 and 207 from at least November 1, 2011 and continuing through October 1, 2017, in that:

      a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

      b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

      c.     Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

      d.     Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

51.     Plaintiff realleges and incorporates paragraphs 1 through 50 as if fully set forth herein.

52.     From at least November 1, 2011 and continuing through October 1, 2017, Plaintiff worked in excess of forty (40) hours per week.

53.     Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

54.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

56.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

57.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

62.     Plaintiff realleges and incorporates paragraphs 1 through 50 as if fully set forth herein.

63.     At all times material hereto, Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

64.     Plaintiff was and is entitled to be paid minimum wage for each week he worked during his employment with Defendants.

65.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each

week worked during one or more weeks of employment with Defendants.

66.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

67.     Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.     Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

e.     Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

f.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g.     Awarding Plaintiff pre-judgment and/or post-judgment interest;

h.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: December 4, 2019                          Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
T: (954) WORKERS;  F: (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*

9