**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 19-cv-81625-MIDDLEBROOKS

CHRISTOPHER VILLAR,

    Plaintiff,

v.

CAMMARATA MANAGEMENT, INC., *et. al.*,

    Defendants.
_____/

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This Cause is before the Court upon the Parties' Cross Motions for Summary Judgment. Plaintiff Christopher Villar ("Plaintiff") moved for Summary Judgment on April 6, 2020. (DE 50). Defendants Cammarata Management, Inc. ("Defendant CMI"), KM Organic Fund Inc. ("Defendant KMO"), and Michael Cammarata ("Defendant Cammarata") (collectively "Defendants") responded on April 20, 2020. (DE 70). Plaintiff did not file a reply.

Defendants also moved for Summary Judgment on April 6, 2020. (DE 52). Plaintiff responded on April 20, 2020 (DE 72).[1] Defendants replied on April 27, 2020. (DE 80). For the following reasons, Plaintiff's Motion for Summary Judgment is denied, except to the extent that Defendants concede and abandon certain affirmative defenses, as explained in further detail below, and Defendants' Motion for Summary Judgment is also denied.

---

[1] Plaintiff filed a corrected version of his response on May 7, 2020, stating that he had mistakenly filed a draft version of his initial response. (DE 85). Because the corrected version was filed *after* Defendants' reply (DE 80), I will disregard the corrected version, as Defendants could be prejudiced by my reliance upon a document which they had no opportunity to rebut.

## I. BACKGROUND

Plaintiff initiated this action alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") by failing to pay him a minimum wage and failing to compensate him for overtime hours worked. (DE 1). The Parties dispute many aspects of this case, but their principal disagreement concerns whether Plaintiff should be classified as an employee or as an independent contractor. This dispute is significant because only employees are entitled to the protections of the FLSA. *See infra.*

The Parties agree that Plaintiff performed work for Defendants CMI and KMO[2] as an executive assistant during the limitations period applicable to this case: December 4, 2016 until October 2017 (the "Relevant Time Period"). (DE 56 ¶ 22; DE 71 ¶ 22). In this role, Plaintiff engaged in various tasks such as booking travel, communicating with customers of Defendants, and handling aspects of Defendants' business affairs. (DE 49 ¶ 19; DE 73 ¶ 19). Plaintiff did not have an office, but instead performed the vast majority of this work from his residence using his phone and computer. (DE 56 ¶22; DE 71 ¶22). Plaintiff purchased his phone, computer, and internet service himself, but Defendants paid for his cell phone service and reimbursed him for most of the cost of his computer. (DE 49 ¶¶22, 23, 26; DE 73 ¶¶ 22, 23, 26).

Aside from these basic facts, the Parties disagree on most other aspects of Plaintiff's employment. For example, Plaintiff states that he "was required to begin work when he got up in the morning each day, and work until the end of the business day." (DE 49 ¶ 27). However, Defendants counter that Plaintiff "did not have any set hours," but instead could work whenever he pleased as long as his tasks were completed. (DE 73 ¶13). Plaintiff also states that he was subject to a high level of oversight by Defendant Cammarata, who assigned Plaintiff tasks to complete

---

[2] As discussed below, the Parties dispute whether Plaintiff was employed by Defendant Cammarata.

each day and updated those tasks as the day progressed. (DE 49 ¶ 26). Plaintiff states that he essentially "did not manage any aspect of his work," but rather his work was dictated by Defendant Cammarata. (DE 49 ¶26). Defendants counter that Defendant Cammarata "did not dictate how Plaintiff was to perform [his] duties as [Defendant] Cammarata was never able to directly supervise Plaintiff." (DE 73 ¶12). Instead of being in constant contact with Defendant Cammarata, Defendants state that Plaintiff was "frequently unresponsive" when Defendant Cammarata tried to contact him and "frequently performed no work on certain days without notifying Defendants." (DE 73 ¶¶ 13, 30).

Further, as Plaintiff describes it, his work was grueling, typically consuming 60 hours of his time each week, with a requirement that he work every weekday, or else risk being terminated. (DE 49 ¶¶ 28, 30). Due to this rigorous schedule, Plaintiff was "unable to have any other gainful employment," other than a few months working as waitstaff at his family's restaurant 5-10 hours per week.[3] (DE 49 ¶31). According to Defendants, however, Plaintiff's workload was much lighter. "[S]ome weeks, Plaintiff worked no more than 10 hours a week, and other weeks, he may have worked over 20 hours per week" but he never exceeded 40 hours of work in a week. (DE 73 ¶¶ 27-28). Defendants state that due to this flexibility, Plaintiff "worked on many production projects that he co-owned and co-created . . . and worked for other entities during the Relevant Time Period." (DE 73 ¶ 32). The Parties also disagree as to many other central aspects of Plaintiff's employment, such as whether he was on his employer's payroll. (DE 49 ¶8 ("[Defendant] Cammarata put [Plaintiff] on the CMI payroll."); DE 73 ¶ 8 ("Plaintiff has never been on CMI's payroll.")). Despite these numerous disagreements, both Parties argue that the undisputed facts support their positions, and accordingly each side seeks summary judgment.

---

[3] Elsewhere Plaintiff appears to concede that he started his own company, Virtual Mountain Capital. (*See e.g.*, DE 71 ¶ 39 ("Villar is a part-owner of [Virtual Mountain Capital].")

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if it "might affect the outcome of the suit under the governing law." *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute over a material fact is "genuine" if it could lead a reasonable jury to return a verdict in favor of the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge at summary judgment. Thus, [the court] do[es] not determine the truth of the matter, but instead decide[s] only whether there is a genuine issue for trial." *Barnett v. PA Consulting Group, Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013) (quoting *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 604 (D.C. Cir. 2010)).

Under this summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted). If the non-moving party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment for the movant is warranted. *Celotex Corp.*, 477 U.S. at 322. The party moving

4

for summary judgment bears the burden of establishing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325.

Here, some of the issues on which the Parties seek summary judgment are dispositive of the case as a whole, while other issues are not. Plaintiff seeks partial summary judgment as to certain elements of Plaintiff's claims. In partial summary judgment actions, the court is still required to analyze the undisputed facts and the applicable law and determine whether a jury issue exists as to proof of that element.

### III. DISCUSSION

In Plaintiff's Motion for Summary Judgment, Plaintiff seeks a determination that "(1) he was subject to the individual coverage of the Fair Labor Standards Act ("FLSA"); (2) each of the Defendants (jointly) employed Plaintiff within the meaning of the FLSA; [and] (3) based on the economic reality of his employment, Plaintiff was an employee of Defendants as opposed to [an] independent contractor." (DE 50 at 1). Plaintiff also seeks a determination that several of Defendants' affirmative defenses fail as a matter of law. Defendants seek summary judgment in their favor on the following grounds: (1) Plaintiff's status was that of an independent contractor and therefore the FLSA is inapplicable; and (2) Plaintiff's claims are barred by the statute of limitations. I begin by addressing the shared issue of whether a genuine issue of material fact exists as to Plaintiff's status as an employee versus an independent contractor. I will then turn to the statute of limitations issue raised by Defendants, and finally I will address whether summary judgment in favor of Plaintiff is warranted on the various other grounds argued by Plaintiff, including numerous affirmative defenses which Plaintiff challenges.

A. **Plaintiff's Employment Status**

Plaintiff seeks a summary judgment determination that he was an employee under the terms of the FLSA, while Defendants seek a determination that Plaintiff was an independent contractor. This question is significant as "[t]he requirements of the FLSA apply only to employees," not independent contractors. *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 782 (11th Cir. 2006). To determine whether an individual is a covered "employee" or an exempted "independent contractor," courts look to the "economic reality" of the relationship between the alleged employee and alleged employer to determine whether that relationship demonstrates dependence. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013); *see also Bartels v. Birmingham*, 332 U.S. 126, 130 (1947) ("[E]mployees are those who as a matter of economic reality are dependent upon the business to which they render service"). The economic realities test is made up of six non-exclusive factors:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship;
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Scantland*, 721 F.3d at 1312. "While these factors serve as guides, the overarching focus of the inquiry is economic dependence," which requires a determination that the individual is "so dependent upon the business with which they are connected that they come within the protection of [the] FLSA." *Id.* (quoting *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1312 (5th Cir.1976)).

Here, the Parties vigorously disagree as to the level of control which Defendants exercised over Plaintiff's work. Plaintiff states that Defendants managed his activities throughout the day,

6

checking up on him to ensure that he was on task (DE 49 ¶ 26), while Defendants state that they "did not dictate how Plaintiff was to perform [his] duties" and "were never able to directly supervise Plaintiff." (DE 73 ¶12).

The Parties also substantially disagree as to whether Plaintiff was engaged in other projects outside of work. (DE 49 ¶31; DE 73 ¶¶ 31- 32). If Plaintiff was heavily involved in other projects, as Defendants state that he was, then this would tend to demonstrate a lack of economic dependence. However, if, as Plaintiff contends, he was so busy working for Defendants that he was not able to take on other projects, this would lend support to a finding that Plaintiff was an employee.

Further, the Parties disagree as to many other factual issues which pertain to Plaintiff's employment status, such as whether Plaintiff was on payroll (DE 49 ¶ 8; DE 73 ¶ 8), the number of hours that he worked (DE 49 ¶¶ 28, 30; DE 73 ¶¶ 27-28) and the duties which Plaintiff performed during his employment (*See e.g.*, DE 49 ¶6; DE 73 ¶ 6). Resolution of these disputes will involve credibility determinations by the jury. In light of the numerous disputed material facts, neither Party is entitled to summary judgment on the issue of Plaintiff's employment status.

**B. Statute of Limitations**

Defendants seek a ruling that the appropriate statute of limitations for this action is two years, rather than three. As the Parties agree that all of the relevant conduct in this case occurred over two years ago, Defendants are essentially seeking a ruling that all of Plaintiff's claims are time barred. (DE 56 ¶ 22; DE 71 ¶ 22). "The ordinary statute of limitations in cases brought under the FLSA is two years." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1323 (11th Cir. 2007). However, "a cause of action arising out of a *willful* violation of the FLSA may be commenced within three years after the cause of action accrued." *Id.* (emphasis added). "[A] willful violation of the Act occurs when an employer either knows that its conduct is prohibited

by or 'show[s] reckless disregard'" for the fact that its conduct may be prohibited by the FLSA. *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133(1988)). Establishing willfulness through reckless disregard requires a showing that the employer knew of the applicable laws, but failed to investigate whether they had complied with those laws. *See id.*

As an initial matter, I have previously determined that a jury question exists as to whether Plaintiff should be classified as an employee or independent contractor. Only employees are protected by the FLSA. Therefore, if the jury determines that Plaintiff should be classified as an independent contractor, then Defendants did not violate the FLSA, willfully or otherwise. Through their Motion for Summary Judgment on this issue, Defendants are seeking a determination that *even if* Plaintiff was entitled to the protections of the FLSA, Defendants did not violate those protections willfully. Therefore, Defendants seek a summary judgment finding that one of the two following options must be true based on the undisputed facts: 1) Plaintiff was an independent contractor and thus the FLSA statute of limitations is inapplicable because Plaintiff cannot recover in the first instance, or 2) Plaintiff was an employee, but Defendants did not act willfully in violating his FLSA rights.

Defendants argue that, based on the agreed facts, no reasonable jury could conclude that they acted willfully in violating Plaintiff's FLSA rights. Specifically, Defendants dispute whether they knew that, based on Plaintiff's job responsibilities, he should be classified as an employee and receive the accompanying benefits of overtime pay and a guaranteed minimum wage. Defendants provide in their Statement of Material Facts that "[n]o evidence exists of any . . . legal or financial basis to suggest that Defendants acted willfully or in reckless disregard of committing any FLSA violation." (DE 56 ¶ 49). Plaintiff counters that "Defendants intentionally misclassified [Plaintiff] as an independent contractor, in order to evade the minimum wage/overtime

8

requirements of the FLSA and parallel state laws, and to avoid paying the required payroll taxes, social security contributions, and workers compensation insurance premiums required by Federal and/or Florida laws." (DE 71 ¶ 49). In support, Plaintiff cites his affidavit in which he states that "[i]n response to my repeated complaints to [Defendant] Cammarata that I should be paid as an employee and not a contractor, he promised over and over that he would make me an employee, begin issuing me a W2 instead of a 1099, and give me a significant increase in my weekly pay. Despite [Defendant] Cammarata's repeated representations that Defendants would eventually make me an employee and pay me appropriately, they never did." (DE 71-1 ¶¶ 43-44). If these promises were made, such evidence would be highly probative of Defendants' intent, in that it would tend to establish that Defendants knew of the FLSA's requirements and disregarded them. Therefore, Defendants have not met their burden of establishing a lack of disputed fact as to whether they acted willfully in violating Plaintiff's FLSA rights. Accordingly, Defendants' Motion for Summary Judgment is denied.

### C. Individual FLSA Coverage

Plaintiff seeks summary judgment on the issue of his entitlement to individual coverage under the FLSA. To establish a claim for overtime or minimum wage compensation under the FLSA, a plaintiff must show that he was "covered" by statute, either through enterprise coverage or individual coverage. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). However, as discussed above, an individual can only be "covered" by the FLSA if they are an employee. There is a material question of fact as to whether Plaintiff was an employee. Therefore, as Plaintiff cannot show that the agreed facts establish all elements of individual coverage under the FLSA, summary judgment on this question is denied.

### D. Whether Plaintiff was Jointly Employed by All Defendants

Plaintiff seeks summary judgment on the issue of whether he was employed, under the terms of the FLSA, by all Defendants in this action. The FLSA defines an "employer" as "any person acting . . . in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). For a defendant to be an "employer" he must supervise *employees*. There is a disputed question of material fact as to whether each Defendant is an employer. Therefore, summary judgment is denied.

### E. Defendants' Affirmative Defenses

Plaintiff seeks a ruling that, based upon the agreed facts, many of Defendants' affirmative defenses fail as a matter of law. In their Response, Defendants state that they "withdraw," either in whole or in part, nine of the 14 defenses which Plaintiff challenged.[4] A total of six affirmative defenses remain at issue, and Plaintiff asserts that he is entitled to summary judgment as to those.

Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). The Advisory Committee's Note to the 2010 amendments to the Federal Rules explains that this sentence was "added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (emphasis added). In considering motions for summary judgment as to affirmative defenses, the same legal standards and burden shifting rules are applicable.

---

[4] Specifically, in their Response to Plaintiff's Summary Judgment Motion, Defendants withdraw their first, sixth, seventh, eighth (partially), ninth, tenth, eleventh, thirteenth, and fifteenth affirmative defenses. (DE 70 at 16).

### 1. *Defendants' Third Affirmative Defense*

Plaintiff seeks summary judgment as to Defendants' Third Affirmative Defense, which states that "[i]n the event that a violation of the FLSA did occur, which is expressly denied, any violation was not 'willful' or 'intentional.'" (DE 16 at 7). By seeking summary judgment on this Affirmative Defense, Plaintiff is seeking a ruling that *if Defendants violated the FLSA*, they must have done so willfully. First, whether a defendant acted willfully in violating the FLSA is typically a question for the jury. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008). Further, there are material issues of disputed fact as to whether Defendants violated the FLSA (specifically, whether Plaintiff was an employee to whom the FLSA applies, as previously discussed). Without a definitive determination of whether an FLSA violation occurred in the first instance, it is impossible to answer the question of whether disputed facts exist on the issue of the willfulness of that FLSA violation. Therefore, summary judgment is denied as to this affirmative defense.

### 2. *Defendants' Fourth Affirmative Defense*

Defendants' Fourth Affirmative Defense states that:

> In the event that a violation of the FLSA did occur, which is expressly denied, Defendants affirmatively assert that the act or omission giving rise to such action was in good faith and that Defendants had reasonable grounds for believing that the act or omission was not a violation of the FLSA, and therefore, liquidated damages are inappropriate. Aspects of these grounds may include, but are not limited to, Defendants' good faith intention to ascertain the requirements of the FLSA and comply with those requirements.

(DE 16 at 7). From an analytical standpoint, this affirmative defense (that Defendants violated the FLSA in "good faith") is effectively the inverse of the preceding affirmative defense (that Defendants violated the FLSA, but did not do so "willfully"). Plaintiff's Motion for Summary Judgment on the Fourth Affirmative Defense is denied for the same reasons as already set forth above.

### 3. *Defendants' Fifth Affirmative Defense*

Defendants' Fifth Affirmative Defense states that "Plaintiff is barred from recovery on his FLSA claim, in whole or in part, by the provisions of 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities." (DE 16 at 7). Under 29 U.S.C. § 254(a), an employer is not liable for the following activities: "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities."

Plaintiff argues that summary judgment is appropriate as to this Affirmative Defense as he is not seeking damages for any preliminary and/or postliminary activities. However, I cannot rely upon Plaintiff's argument as to how his hours should be legally characterized. Instead, I must rely upon Plaintiff's Statement of Undisputed Facts. There, Plaintiff states that he "was required to begin work when he got up in the morning each day, and work until the end of the business day." (DE 49 ¶ 27). Defendants argue that measuring hours in this manner would include preliminary and/or postliminary hours. I find that there is a material issue of disputed fact whether, if hours are measured in this manner, they would include preliminary and/or postliminary activities. Accordingly, summary judgment is denied.

### *4. Defendants' Eighth Affirmative Defense*

Defendants' Eighth Affirmative Defense states that "Plaintiff is barred from recovery, in whole or in part, by the equitable doctrines of waiver, offset, estoppel, laches, and/or unclean hands." (DE 16 at 8). However, Defendants stated in their response to Plaintiff's Motion for Summary Judgment (DE 70) that they maintain only the "offset defense" (also referred to as the "set-off defense"). A set-off is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed. *Hansen v. ABC Liquors, Inc.*, 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *3 (M.D. Fla. Nov. 9, 2009). Plaintiff seeks summary judgment as to this affirmative defense arguing that set-offs are not allowed in overtime and minimum wage FLSA cases. *Babin v. Plaquemines Par.*, CV 18-7378-WBV-DMD, 2019 WL 5084164, at *5 (E.D. La. Oct. 10, 2019). However, Plaintiff cites only a single unpublished district court case for this proposition. *Id.* I have found no binding precedent indicating that a set-off is not allowed in an overtime and minimum wage case. As Plaintiff only disputes this defense legally, rather than factually, and as I find that this affirmative defense is not legally precluded, summary judgment is denied. ***5. Defendants' Twelfth Affirmative Defense***

Defendants' Twelfth Affirmative Defense states that "[i]n the event that it is determined that the FLSA applies and that some hours of work were not properly paid (which is specifically denied), then such amount was negligible and hence was *de minimis*; and the Court should not give cognizance to the amount and should deny any recovery for such claim." (DE 16 at 9). There is a substantial dispute of material fact as to the number of hours that Plaintiff worked, with Plaintiff stating that he worked over 60 hours per week on average, while Defendants state that he worked less than ten hours some weeks. (DE 49 ¶¶ 28, 30; DE 73 ¶¶ 27-28). Given this material issue of disputed fact, summary judgment is denied.

### 6.     *Defendants' Fourteenth Affirmative Defense*

Plaintiff's Fourteenth Affirmative Defense states that "Plaintiff's claim is barred because Defendants were not employers of Plaintiff under the FLSA and other applicable law." (DE 16 at 9). As previously discussed in connection with the denial of summary judgment on Plaintiff's FLSA claim, the status of Plaintiff as an employee of any Defendant in this matter is a jury question. Therefore summary judgment on this affirmative defense, which raises the same fact issue, is likewise denied.

## IV. CONCLUSION

Based upon the foregoing, and after careful consideration of the Parties' written submissions, the record, and applicable law, it is hereby **ORDERED and ADJUDGED** that:

1) Plaintiff's Motion for Summary Judgment (DE 50) is **GRANTED IN PART AND DENIED IN PART.**

2) Consistent with Defendants' withdrawal of some affirmative defenses in response to Plaintiff's Motion for Summary Judgment, Plaintiff's Motion shall be granted as it relates to those defenses. Therefore, Plaintiff's Motion for Summary Judgment is **GRANTED** as to Defendants' first, sixth, seventh, ninth, tenth, eleventh, thirteenth, and fifteenth affirmative defenses, and as to Defendants' eighth affirmative defense as to waiver, estoppel, laches, and unclean hands defenses (but not the set-off defense). Plaintiff's Motion for Summary Judgment is **DENIED** as to the remaining affirmative defenses, and it is also **DENIED** in all other respects.

3) Defendants' Motion for Summary Judgment (DE 52) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 3rd day of June, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE